JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lissana Route, Individually and on Behalf of All Others Similarly Situated<br><br>Against<br><br>DCM SERVICES, LLC AND JOHN DOES 1-25 | Case No.: '21CV1030 MMA JLB<br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. |

Plaintiff Lissana Route (hereinafter, "Plaintiff"), a California resident, brings this Class Action Complaint by and through her attorneys, against Defendants DCM Services, LLC (hereinafter Defendant "DCM"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as this is the judicial district in which the defendant resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of California, County of San Diego, residing at 1450 4th Avenue, San Diego, California 92101.

8. Defendant DCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address at 7601 Penn Avenue South, Suite A-600, Ritchfield, Minnesota 55423 and can be served upon its registered agent, Corporation Service Company at 80 State Street, Albany, New York 12207-2543.

9. Upon information and belief, Defendant DCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant DCM sent an initial collection letter attempting to collect a consumer debt;

   c. that failed to properly identify and name the current creditor to whom the debt was allegedly owed;

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

The Sub-Class consists of:

   a. all individuals with addresses in the State of California;

- 4 -

b. to whom Defendant DCM sent a collection letter attempting to collect a consumer debt;

c. that directed the recipient of the collection letter to send payment to multiple, contradictory addresses;

d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately

protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e and §1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as Plaintiff has no interests that are adverse to the absent members of the Plaintiff Class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**19.** Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to September 15, 2020, an obligation was allegedly incurred to Capital One N.A.

22. The Capital One N.A. obligation arose out of transactions in which the funds obtained from the creditor were used primarily for personal, family or household purposes.

23. The alleged Capital One N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Capital One N.A. is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Defendant DCM contracted with Capital One Bank (USA) N.A. to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – September 15, 2020 Collection Letter*

27. On or about September 15, 2020, Defendant sent the Plaintiff a notice (the "Letter") regarding the alleged debt owed. A true and correct copy of the Letter is attached hereto as Exhibit A.

28. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

29. The required disclosures set forth in 15 U.S.C. §1692g(a) are more commonly known as the "G Notice".

30. This letter did not contain all the requirements of the ''G Notice." Specifically, this letter deceptively fails to identify who the current creditor is to whom the alleged debt is owed.

31. The letter lists the Capital One N.A. as "Creditor" and "Original Creditor" and further lists "The Kohl's Credit Card Account: ******" without any reference.

32. Yet, the body of the Letter states:

"Our client, Kohl's Department Stores, Inc., placed this account with our office for collection."

33. The Letter states that Kohl's Department Store, Inc. is the "client" i.e., the current creditor.

34. Yet the Letter also references Capital One N.A. as the current creditor.

35. The Letter clearly contradicts itself and indicates two different, current creditors which is impossible and therefore there is no way for the consumer to identify who the current creditor is.

36. It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

37. Mere illusions are not enough, but the letter must specifically and clearly state who the creditor is.

38. Defendant has failed to provide the consumer with a proper initial communication letter by failing to clearly identify the current creditor of the debt.

39. In addition, the bottom of the Letter contains a payment slip and states two completely different addresses for the Defendant: 1) DCM SERVICES, LLC 7601 PENN AVE S, SUITE A600, MINNEAPOLIS, MN 55423-5504 and 2) DCM SERVICES, PO Box 1340, Minneapolis, MN, 55440-1340.

40. The Letter directs the Plaintiff to two completely different addresses in its instructions for payment.

41. The Letter is deceptive and misleading by stating in its payment slip two completely different addresses.

42. The Letter is confusing and deceptive because it does not clearly indicate how the Plaintiff can properly pay the alleged debt.

43. For example, if Plaintiff were to pay the requested amount on the collection letter and sends the payment to an incorrect address, it is entirely possible that the payment would not be applied to the alleged debt.

44. There is no instruction or clarification in the letter how the Plaintiff can properly pay the alleged debt or to which address the payments would be sent, nor does the Letter state that both addresses would be acceptable.

45. This language is false and deceptive as Plaintiff was unable to determine to which address the payments should be sent.

46. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §1692e(10).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

54. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    i. The amount of the debt;

    ii. The name of the creditor to whom the debt is owed;

    iii. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

iv. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

v. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

55. The Defendants violated 15 U.S.C. §1692g by

a. Failing to identify the name of the creditor to whom the debt is owed;

56. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lissana Route, individually and on behalf of all others similarly situated, demands judgment from Defendant DCM as follows:

    a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Stieglitz, Esq. as Class Counsel;

    b)    Awarding Plaintiff and the Class statutory damages;

    c)    Awarding Plaintiff and the Class actual damages;

    d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    e)    Awarding pre-judgment interest and post-judgment interest; and

    f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 28, 2021

                                              THE LAW OFFICES OF
                                              JONATHAN A. STIEGLITZ

                                    By:    */s/ Jonathan A Stieglitz*
                                                    Jonathan A Stieglitz